UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of SCLIQUOR, LLC,

*Applicant*,

For an Order Granting Leave to Issue Subpoena to 20 Gates Management, LLC a/k/a 20 Gates Holding, LLC, for the Taking of a Deposition and the Production of Documents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/2022

22-MC-350 (RA) (BCM)

**SEALING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the letter-motion filed by interested party Empire Investments, Inc. (Empire) on December 14, 2022 (Empire Mtn.) (Dkt. 14), requesting "leave to redact limited information from one filing on the public docket," Empire Mtn. at 1, is GRANTED.

On December 6, 2022 – before applicant SCLiquor, LLC (Applicant or SC) filed this action pursuant to 28 U.S.C. § 1782 – it moved before the Hon. Jesse M. Furman, sitting in Part I, for leave to file most of the materials supporting its application under seal, explaining that it was doing so "out of an abundance of caution," because in other litigations Empire had asserted that some of those materials were required to be treated confidentially pursuant to a contract between Applicant and Empire. *See* Mtn. to File Under Seal, ECF No. 1, *In re SCLiquor, LLC Application to File Under Seal*, No. 22-MC-345 (JMF) (S.D.N.Y. Dec. 6, 2012) (*SCLiquor I*). Judge Furman permitted SC to file the specified materials under seal (and to file redacted copies on the public docket), but directed SC to promptly confer with Empire regarding the confidentiality of the "At-Issue Materials." Order at 1, ECF No. 4, *SCLiquor I* (Dec. 7, 2022). The order further provided that, if neither SC nor Empire filed a motion within seven days "to maintain the sealing" of the materials, SC would be required to file them unredacted on the public docket. *Id.*

Applicant initiated the instant action on December 8, 2022, filing redacted versions of its Memorandum of Law (Dkt. 1), the Declaration of Desiree Perez (Dkt. 3), the Declaration of Reed

Brodsky (Dkt. 3), and the Declaration of Rod S. Attride-Stirling (Dkt. 4) on the public docket, while submitting the unredacted versions (on paper and compact disc) for sealing by the Clerk of Court. (*See* Dkt. 8.) Empire, however, now seeks only to redact certain information contained on Schedule A to a Services Agreement that appears as Exhibit 2 to both the Brodsky Declaration and the Attride-Stirling Declaration. Empire Mtn. at 1; *see also* Declaration of Gary Bornstein (Dkt. 15) Ex. 1 (proposed redacted version of the Services Agreement). Empire explains that the Services Agreement was entered into by D'Usse LLC (D'Usse), which is a joint venture between Applicant and Empire, and Bacardi International, Ltd. (BIL), which is "an affiliate of Empire." *Id*. Empire proposes to redact the "confidential figures in Schedule A to the Services Agreement," so as not to reveal "detailed and commercially sensitive information about D'Usse's manufacturing, distribution, overhead and related costs as well as the financial terms on which BIL provides such services to D'Usse." *Id*. at 2.

     Schedule A to the Services Agreement is nominally a "judicial document," as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), to which a "presumption of access" attaches, *id*., because Applicant submitted the entire Services Agreement as an exhibit to the Brodsky Declaration and the Attride-Stirling Declaration. The Court agrees, however, that the information that Empire proposes to redact "is of no relevance to SC's Section 1782 application," Empire Mtn. at 1, such that permitting the requested redaction will not deprive the public of its ability to "monitor[] the federal courts." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *see also Amodeo*, 71 F.3d at 1950 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access to judicial documents] is low and amounts to little more than a prediction of public access absent a countervailing reason"). The Court further agrees that the proposed redactions are "narrowly

tailored," as required by *Lugosch*, 435 F.3d at 124, to protect commercially sensitive information, the disclosure of which could cause competitive harm to Empire, as well as its non-party affiliates. The redactions are thus permissible. *See, e.g.*, *Breaking Glass Pictures, LLC v. Sal Franciosa Prods., LLC*, 2020 WL 3318050, at *2 (S.D.N.Y. June 18, 2020) (permitting redaction of those portions of the parties' Distribution Agreement that contained "sensitive commercial information" and were "of limited relevance to the dispute before the Court") (citation omitted).

Consequently, it is hereby ORDERED that Applicant shall re-file, on the public docket, complete and unredacted copies of its Memorandum of Law and the Perez Declaration. Additionally, it shall re-file, on the public docket, copies of the Brodsky Declaration and the Attride-Stirling Declaration which are complete and unredacted except for Exhibit 2, which may be omitted, as the redacted version is already on the public docket as Exhibit 1 to the Bornstein Declaration (Dkt. 15-1). The unredacted version of the Services Agreement will remain under electronic seal at Dkt. 16-2.

This Order resolves the motion at Dkt. 14.

Dated: New York, New York
December 23, 2022               SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**